UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-00030-GNS-1

UNITED STATES OF AMERICA             PLAINTIFF

v.

TREY ALEXANDER GWATHNEY-LAW             DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant's Motion for Revocation of Detention Order and Request for Hearing (DN 58). For the reasons discussed below, Defendant's motion is **DENIED**.

### I. BACKGROUND

Defendant Trey Alexander Gwathney-Law ("Gwathney-Law") is charged with (1) possession of a firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5861(d), 5871; (2) knowingly making a firearm in violation of 26 U.S.C. §§ 5861(f), 5871; (3) attempted arson in violation of 18 U.S.C. § 844(i); and (4) possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), (B)(ii). (Superseding Indictment 1-3, DN 17).

The Magistrate Judge conducted a detention hearing on December 9, 2015. (Tr. 1, DN 56). At the hearing, Gwathney-Law suggested that he should be released to live with his mother and grandmother, with one of the two serving as a third-party custodian. (*See* Tr. 4). Gwathney-Law also indicated that he had no objection to GPS monitoring. (*See* Tr. 4-5). The United

States requested an order detaining Gwathney-Law pending trial on the ground that Gwathney-Law posed a danger to the community. (Tr. 11).

After considering the evidence and information presented, the Magistrate Judge ordered that Gwathney-Law be detained. (Detention Order, DN 24; Tr. 28). He found that there was probable cause to believe that Gwathney-Law committed an offense for which a maximum prison term of ten years or more is prescribed in 18 U.S.C. § 924(c)(1); that Gwathney-Law failed to rebut the presumption in favor of detention provided by 18 U.S.C. § 3142(e)(3)(B); and that no condition or combination of conditions would reasonably assure the safety of the community. (Detention Order; Tr. 25-28).

Now, Gwathney-Law moves the Court to revoke the detention order. (Def.'s Mot. Revoke Detention Order & Req. Hr'g, DN 58 [hereinafter Def.'s Mot.]). The United States has responded to Gwathney-Law's motion. (Pl.'s Resp., DN 60). The matter is ripe for adjudication.

## II. STANDARD OF REVIEW

When a magistrate judge orders pretrial detention, the detainee "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). While the Sixth Circuit has not adopted a specific standard under which a magistrate judge's detention order should be reviewed, this Court and others within the Sixth Circuit have used the *de novo* standard. *See, e.g.*, *United States v. Loveland*, No. 3:11-CR-91, 2011 U.S. Dist. LEXIS 116049, at *2 (W.D. Ky. Oct. 7, 2011); *United States v. Goodwin*, No. 3:15-CR-101-DJH, 2015 U.S. Dist. LEXIS 142930, at *5-6 (W.D. Ky. Oct. 21, 2015); *United States v. Watkins*, No. 13-02-KSF, 2013 U.S. Dist. LEXIS 22123 (E.D. Ky. Feb. 19, 2013). Furthermore, this Court has declined to hold new hearings when the moving party asked

for revocation based on the same evidence presented to the magistrate judge. *Loveland*, 2011 U.S. Dist. LEXIS 116049, at *2-3; *Goodwin*, 2015 U.S. Dist. LEXIS 142930, at *5-6.

In ruling on Gwathney-Law's motion, the Court must determine whether a "condition or combination of conditions will reasonably assure the appearance of [Gwathney-Law] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). If not, the Court must uphold his detention. *See id.*

Since there is probable cause to believe Gwathney-Law committed an offense under 18 U.S.C. § 924(c)[1], there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of [Gwathney-Law] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(B). "The presumption of § 3142(e)(3) imposes only a burden of production on the defendant, requiring the defendant to come forward with evidence that he poses no danger to the community or is a risk of flight." *Loveland*, 2011 U.S. Dist. LEXIS 116049, at *3. If Gwathney-Law overcomes this presumption, the United States must prove by clear and convincing evidence that no conditions will reasonably assure Gwathney-Law's appearance or the safety of the community. The Court considers several factors in deciding whether to order detention. *See* 18 U.S.C. § 3142(g)(1)-(4).

### III. DISCUSSION

There is no need for a hearing on this motion. Neither Gwathney-Law nor the government has put forth additional evidence or information in support of detention or release. (*See* Def.'s Mot; Pl.'s Resp.). Accordingly, the Court will rely on the transcript of the proceeding conducted by the Magistrate Judge in reviewing Gwathney-Law's motion.

---

[1] "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citation omitted).

After reviewing the transcript, the Court agrees with the Magistrate Judge that Gwathney-Law failed to overcome the presumption in favor of detention provided by 18 U.S.C. § 3142(e)(3)(B) at the initial detention hearing. The Magistrate Judge explained in the detention order that:

> [T]he Defendant is a danger to the community. When the Court reviews Defendant's school record and state court record, he sees a pattern of his having a pervasive problem with anger control, impulse control, fascination with weapons, etc. The Court appreciates his mother and grandmother's willingness to serve as third party custodian, but this conduct allegedly occurred with his family present and therefore the Court canno[t] rest assured that a third party custodianship would relieve the risk of harm. The Court cannot find any solution short of detention to assure the safety of the community.

(Detention Order).

Nothing has changed since the Magistrate Judge entered the detention order. In support of his motion, Gwathney-Law argues that "his showing of a stable residence in the Western District of Kentucky; substantial ties to the community; minimal criminal history and strong family support makes him an acceptable candidate for release." (Def.'s Mot. 3). Additionally, Gwathney-Law states that he is amenable to a third-party custodian arrangement, home detention, and GPS monitoring. (Def.'s Mot. 3). The arguments Gwathney-Law forwards are the same ones the Magistrate Judge previously considered and rejected, and this Court rejects them as well. (*See* Tr. 4-5, 25-28). There is probable cause to believe Gwathney-Law engaged in the conduct constituting the alleged offenses, manufacturing Molotov cocktails in an attempt to blow up his former middle school, at his home in the Western District of Kentucky with his family present. (*See* Tr. 12, 16-17, 28). Gwathney-Law has failed to come forward with evidence showing that he poses no danger to the community and rebut the presumption in favor of detention. Therefore, Defendant's motion will be denied.

## IV.    CONCLUSION

For the reasons discussed above, Defendant's Motion for Revocation of Detention Order and Request for Hearing (DN 58) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

June 15, 2017

cc:    counsel of record